EDWARD HILL'S SONS & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 4, 1906.)

No. 80 (3,713).

CUSTOMS DUTIES—CLASSIFICATION—OLEIC ACID—RED OIL—SOAP STOCK.

Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 568, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684], relating to oils commonly used in soap making and "fit only for such uses," does not include so-called "oleic acid," or red oil, which is fit for other uses, although commonly used as soap stock.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 143 Fed. 361, affirming a decision of the Board of United States General Appraisers, G. A. 5,807 (T. D. 25,648).

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York, which affirmed a decision of the Board of General Appraisers, sustaining the collector in his classification of certain importations for duty under the act of 1897.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Charles Duane Baker, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The relevant paragraphs are:

"Paragraph 1 (Acids). * * * All other acids not specially provided for in this act." Act July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 151 [U. S. Comp. St. 1901. p. 1626].

"Par. 568 (Free List). Grease and oils (excepting fish oils), such as are commonly used in soap making or in wire drawing, or for stuffing or dressing leather, and which are fit only for such uses, and not specially provided for in this act." Section 2, Free List, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684].

The article in question is known as "olein." Chemically it is oleic acid, although of a better grade than and a different color from the ordinary oleic oil of commerce, which is known as "red oil" and is of a dark claret color. There is no dispute that it is properly classified under paragraph 1 unless it is shown to fall within the description of paragraph 568. Undoubtedly it is commonly used for soap making, and the crucial question is whether it is fit for any other use (except wire drawing or stuffing or dressing leather). The Board of General Appraisers found that it is used (1) for oiling wool in the process of manufacturing the same, (2) as a material in the composition of certain polishing materials, and (3) for other purposes. The testimony before the Board is unsatisfactory as to the unspecified "other purposes," and not particularly persuasive as to the oiling of wool or the composition of polish-

ing materials, but it was sufficient in the absence of any controverting evidence to sustain the finding of the Board.

Further testimony was taken in the Circuit Court, which in our opinion disposes of the contention that the article here imported is fit for use in oiling wool, but there is nothing which would warrant the court in reaching a conclusion different from that of the Board as to its fitness for use in manufacturing polishing materials and various polishes.

The decision of the Circuit Court is therefore affirmed.